FILED
COURT
2:30
WKS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| RICHARD E. TRICE, | * | |
| Petitioner, | * | |
| | | CASE NO. 1:07-CV-76 WLS |
| vs. | * | 18 U.S.C. § 3582 |
| | | CASE NO. 1: 92-CR-8 WLS |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Trice was indicted in this court on September 27, 1991, for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) in connection with 18 U.S.C. § 924(a)(2). (R-1). The Government pled in the Indictment that Petitioner had been convicted previously of Attempted Robbery and Possession of a Firearm by a Convicted Felon in Palm Beach County, Florida in 1990, both crimes punishable by a term of imprisonment exceeding one (1) year. The case was tried by jury and Petitioner Trice was convicted of all charges on June 9, 1992 (R-29). He was sentenced to a term of 120 months imprisonment (R-33). Direct appeal of his conviction and sentence resulted in affirmation by the Eleventh Circuit Court of Appeals on January 22, 1994. Petitioner Trice then filed a first § 2255 Motion To Vacate, Set Aside, or Correct his Sentence on June 14, 1994 (R-39), which was denied (R-42). He filed a second Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-49) on November 1, 1994, which was also denied by the district court (R-52), and found to be without merit on appeal by the Eleventh Circuit



Court of Appeals on December 16, 1995 (R-60).

On December 12, 2005, Petitioner Trice filed a Motion to Correct and Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based upon U.S.Sentencing Guidelines Amendment 599, effective November 1, 2000. (R-64). Amendment 599 was found not to have been made applicable to the Commentary to § 2K2.4 as Trice had contended, and the Motion was dismissed with Trice's concession of the correctness of the Report and Recommendation to that effect (R-70).

Petitioner Trice has now filed another Motion to Correct and Modify Sentence Pursuant to 18 U.S.C. § 3582 (R-71), but he does not rely on any amendment to a Sentencing Guideline. He contends that:

> The district court errored by its failure to modify or adjust the sentence in accord with Title 18 U.S.C. § 3585 and U.S.S.G. § 5G1.3(c), because I was serving an unexpired state sentence of five [to] fifteen years running concurrently to the possession of a firearm by a convicted felon on . . . a related state offense.

Petitioner Trice argues that the district court has the authority to adjust his federal sentence for time served on the state convition under U.S.S.G. § 5G1.3(c). U.S.S.G. § 5G1.3(c) does in fact state the following:

> (Policy Statement) In any case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

The word "may" in the guideline policy statement clearly intends that the district court have discretion in determining which type of sentence it will impose. Nothing in the

2

guideline mandates that the court adjust or modify the federal sentence in consideration of the state sentence for related state offenses. To the contrary, 18 U.S.C. § 3585(b) provides:

> **Credit for prior custody.** — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**
> (emphasis added).

Petitioner Trice makes no claim that the time he has served in state custody was not credited against his state sentence. Citing the provisions of 18 U.S.C. § 3585(b), as set out above, the United States Supreme Court has ruled that, "District courts are not authorized to compute a credit at sentencing.... Pursuant to the clear terms of § 3585(b), a defendant can receive credit for time served only if the specified time period has not been credited against another sentence. ... Congress made it clear in § 3585 a defendant could not receive a double credit for his detention time." *United States v. Wilson,* 503 U.S. 329, —, 112 S.Ct. 1351, 1354-56 (1992). The United States Court of Appeals for the Eleventh Circuit applied this Supreme Court holding in *Castillo v. Federal Correctional Institutional of Tallahassee,* 163 Fed. Appx. 803, 2006 WL 268085 (11th Cir. 2006), which is hereby submitted as persuasive authority pursuant to Eleventh Circuit Rule 32-2.

3

WHEREFORE, IT IS HEREBY RECOMMENDED that Petitioner Trice's Motion be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 18th day of May 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE