# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| RICHARD TRICE, | * | |
| Petitioner, | * | |
| | | CASE NO. 1:06-CV-18 WLS |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 1:92-CR-8 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## SECOND REPORT AND RECOMMENDATION

After reconsideration of the Report and Recommendation filed in this action, concerns arose as to whether Petitioner Trice had made a valid claim in his Amended Motion For Reduction of Sentence pursuant to 28 U.S.C. § 3582(c). Specifically, Trice contended that he was being punished twice for the same offense, to wit., the use of a firearm in the Armed Robbery prosecuted by the State of Georgia under The Georgia Code, and in consideration of the same firearm in connection with the Federal Offense of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) in connection with 18 U.S.C. § 924 (a)(2). The court must note that the State and Federal Offenses are completely different offenses, although related to the same incident.[1]

---

[1] In *United States v. Hassoun,* (476 F.3d 1181, 1185, 2007), the Court explained that the proper application of the familiar rule established in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182 (1932), that "where the same act or transaction constitutes a violation of two distinct statutory provisions," cumulative punishment may not be imposed unless "each provision requires proof of an additional fact which the other does not." *Id.* The rule is one of statutory construction, applied in order to gauge Congress's intent "that two statutory offenses be punished cumulatively." *Albernaz v. United States,* 450 U.S. 333, 337, 101 S.Ct. 1137, 1141 (1981). The test is to be applied with a "focus on the statutory elements of the offense. If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Id.* at 338, 101 S.Ct. at 1142 (quoting *Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17 (1975)); *see also United States v. Bolding,* 772 F.2d 719, 729 (11th Cir. 1985).

In his Amended pleading, Trice attempts to invoke the provisions of 18 U.S.C. § 3582(c)(2) relative to retroactive Amendments to the U.S.Sentencing Guidelines, specifically Amendment 599. A reading of the Federal Indictment indicates that Trice was not charged with the violation of 18 U.S.C. § 924(c), rather with Possession of a Firearm by a Convicted Felon in violation 18 U.S.C. § 922(g)(1), *in conjunction with* his Armed Robbery, preventing his sentence from being subject to U.S.S.G. § 2K2.4 consideration. The United States Court of Appeals for the Eleventh Circuit made clear in *United States v. White,* 305 F.3d 1264, 1267 (11th Cir. 2002), that 18 U.S.C. § 3582(c)(2) does not authorize relief unless Amendment 599, upon which Petitioner relies, changed the existing law in some way that, for the first time, demonstrates the existence of Guideline "error" in the original sentence. Petitioner Trice's contentions for a connection between Amendment 599 and U.S.S.G. § 5G1.3 is not valid. Amendment 599 does not make reference to Section 5G1.3, and 5G1.3 has been amended, in all, six times since the original calculation of Petitioner's sentence, by Amendments 385, 465, 494, 535, 645, and 660, none of which were made retroactive pursuant to the U.S.S.G. process found in Section 1B1.10(c). The District Court has not been authorized by the Guidelines or the Courts to reduce Petitioner's sentence. *See United States v. Descally,* 254 F.3d 1328 (11th Cir. 2001). Likewise, *Booker* has no retroactive application to Petitioner's sentence.[2]

Petitioner Trice's Amended Motion does not show authority by which this court may issue a reduction in his sentence. Dismissal of his Motion continues to be recommended.

---

[2] *"Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) Motions." *United States v. Moreno,* 421 F.3d 1217, 1220 (11th Cir. 2005).

Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 10th day of December.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE