**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

RICHARD EDWARD TRICE, :
:
    Petitioner, :
: **CASE NO.: 1:92-CR-08 (WLS)**
v. :
: CASE NO.: 1:06-CV-18 (WLS)
: CASE NO.: 1:06-CV-27 (WLS)
: CASE NO.: 1:07-CV-76 (WLS)
UNITED STATES OF AMERICA, : 18 U.S.C. § 3582
:
    Respondent. :
_____ :

## **ORDER**

Before the Court are two Reports and Recommendations from United States Magistrate Judge G. Mallon Faircloth. (Docs. 73 and 80). Each Report and Recommendation is in response to various Motions filed by Petitioner, Richard Edward Trice. In light of the substantive contents of Petitioner's numerous Motions before the Court, the Court will address these motions jointly.[1]

It is recommended that Petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 3582 (Docs. 66, 71, and 75) be denied. Petitioner timely filed Objections to the Recommendations. (Docs. 74, 83). Petitioner also filed a Petition to amend his original Motion (Doc. 71), which was granted by Judge Faircloth on November 28, 2007. (Docs. 75 and 76). The Government filed a Response to Petitioner's Amended Motion on December 6, 2007. (Doc. 79).

For the following reasons, the objections set forth in Petitioner's Objections (Doc. 74 and 83) are **OVERRULED.** The Court finds no error in United States Magistrate Judge Faircloth's

---

[1] The electronic docket reflects discrepancies in several docket entry numbers. Because of the numerosity of Petitioner's Motions to Correct, Modify, or Vacate his Sentence and the transference of Petitioner's case from a paper docket to an electronic docket format, the Court will refer to the Petitioner's Criminal Docket (1:92-CR-08), which correctly lists each of Petitioner's outstanding motions and the Court's responses.

1

May 21, 2007 Report and Recommendation or the December 10, 2007 Report and Recommendation. (Doc. 73 and 80). For reason of the findings made therein and herein, reasons stated therein and herein, and conclusions reached therein and herein, Petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 3582 (Doc. 66, 71, and 75) are **DENIED**.

## BACKGROUND

Petitioner Trice was tried and convicted of a single federal offense. Trice was sentenced to 120 months of imprisonment on November 9, 1992 for a violation of 18 U.S.C. § 922 (g)(1) for the possession of a firearm by a convicted felon. Petitioner Trice was classified as a convicted felon under the terms of § 922 because of a prior conviction in Palm Beach County, Florida in 1990.

Following trial, conviction, and sentencing, Petitioner appealed his conviction to the Eleventh Circuit Court of Appeals, where it was affirmed on January 22, 1994. (Docs. 39, 81). Petitioner then filed a § 2255 Motion to Vacate on June 14, 1994 and a Second § 2255 Motion to Vacate on November 1, 1994. (Docs. 41, 81). The District Court denied both Motions on June 20, 1994 and November 8, 1994, respectively. (Docs. 42, 52, and 81). Petitioner filed a third Motion to Vacate on November 14, 1994, and it was denied on November 17, 1994. (Docs. 54, 57, 81).

Petitioner appealed the District Court's denial of his Motions to Vacate on November 21, 1994, and the Eleventh Circuit found his Motion was without merit on July 7, 1995. (Docs. 56, 60, 81). On December 16, 1995, the Eleventh Circuit affirmed the District Court's denial of Petitioner's Motions to Vacate. (Docs. 61, 81). On June 6, 2001, the Petitioner filed a Motion for the Attorney General to Investigate the U.S. Attorneys Office, Clerk of the Eleventh Circuit,

and the Eleventh Circuit Court of Appeals. (Doc. 62, 81). Petitioner's Motion was denied on October 3, 2001. (Doc. 63, 81).

On December 12, 2005, Petitioner filed a Motion to Correct or Modify his Sentence and the case was transferred to this Court. (Docs. 64, 81; *See generally* Civil Action No.: 1:06-CV-27-WLS). The Motion was then referred to United States Magistrate Judge G. Mallon Faircloth on January 5, 2006. (Docs. 65, 81). On January 17, 2005, Petitioner also filed a Timely Notice of Preservation of Blakely/Booker Claims. (Docs. 66, 81; *See generally* Civil Action No.: 1:06-CV-18-WLS). Judge Faircloth issued a Report and Recommendation to Dismiss both the Motion to Vacate and the Blakely/Booker Claims. (Docs. 68, 69 and 81). The record reflects that Petitioner conceded to Judge Faircloth's Recommendation regarding his Blakely/Booker notice on March 2, 2006. (Doc. 70, 81).

Petitioner Trice then filed a Motion to Correct of Modify his Sentence pursuant to 18 U.S.C. § 3582 on April 23, 2007. (Doc. 71). Judge Faircloth issued a Report and Recommendation on Petitioner's Motion on May 21, 2007. (Doc. 73). Petitioner timely filed an objection to the Report and Recommendation on June 4, 2007. (Doc. 74). After receiving leave to amend his Petition, Petitioner did so on November 8, 2007. (Doc. 75, 76). The Government Responded to Petitioner's Motion to Vacate on December 6, 2007. (Doc. 79). Judge Faircloth issued a Second Report and Recommendation after considering Petitioner's Amended Motion on December 10, 2007. (Doc. 80).

Petitioner timely filed his objections on December 21, 2007. (Doc. 83). Petitioner filed a Motion to File Supplemental Pleadings on December 21, 2007. (Doc. 84). Petitioner also filed a Motion requesting Nunc Pro Tunc Designation on April 14, 2008. (Doc. 85). Judge Faircloth

dismissed Petitioner's Motion for Leave to File Supplemental Pleadings and for Nunc Pro Tunc Designation after finding them without merit on August 14, 2008. (Doc. 87).

Presently before the Court are Petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 3582. (Docs. 66, 71, and 75). Although there are multiple Motions, Petitioner's arguments are largely repeated throughout. Petitioner asserts that the District Court erred in failing to modify his current sentence in accord with 18 U.S.C. § 3585 (a) and U.S.S.G. §5G1.3(c). (See generally Docket). The Court will address each of Petitioner's claims below.[2]

## DISCUSSION

### 1. United States Sentencing Commission's Amendment 599 to United States Sentencing Guideline § 2K2.4 does not apply to Petitioner's November 9, 1992 120-month sentence.

Petitioner was sentenced to 120-months for a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. Petitioner was sentenced in accordance with 18 U.S.C. § 924(a)(2), which states that "whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years or both." Petitioner's guideline sentence range was calculated under U.S.S.G.§ 2K2.1(c)(2), Unlawful Receipt, Possession, or Transportation of Firearms or ammunition; Prohibited Transactions Involving Firearms or Ammunition.

Amendment 599 directs that a sentence under §2K2.4 accounts for any weapon enhancement that would be accountable under Relevant Conduct §1B1.3.[3] Amendment 599 was enacted to avoid unwarranted duplicative punishment. Petitioner argues that Amendment 599 of

---

[2] Petitioner also alleges constitutional claims against the State while in custody in 1990 which are not properly before this Court and will not be addressed in this Order. (Doc. 74)
[3] United States Sentencing Commission Guidelines Manual Supplement to Appendix C, Amendment 599 at page 71-72, November 1,1998- November 1, 2000.

the U.S. Sentencing Guidelines applies to his sentence and requires a reduction of the remainder of his 120-month sentence. (Doc. 64, Case No.: 1:06-CV-00027, Doc. 1 at p. 6). Petitioner alleges that his 120-month sentence represents an "impermissible double counting." (Id.) According to Petitioner, he is being punished twice for the same offense: (1) the use of a firearm in the Armed Robbery prosecuted by the State of Georgia under the O.C.G.A. and (2) the possession of said firearm in connection with the federal offense of 18 U.S.C. §922 (g)(1). (Id. at pp. 1-2). Petitioner is mistaken. Amendment 599 does not apply to his sentence. Amendment 599 applies to § 2K2.4; Petitioner was sentenced under U.S.S.G. § 2K2.1(c)(2). Additionally, the Historical Note at the conclusion of § 2K2.1 does not even reference Amendment 599 among the effective Amendments to the Section.

### 2. Petitioner's November 9, 1992 120-month Sentence is not Eligible for a Reduction Pursuant to 18 U.S.C. § 3585 or United States Sentencing Guideline § 5G1.3(c)K2.4.

Petitioner further argues that the District Court erred at sentencing by failing to modify or adjust his sentence in accord with 18 U.S.C. §3585 and U.S.S.G. §5G1.3(c). Pursuant to §3585, the District Court may, in some circumstances, "adjust" a federal sentence so as to make it, effectively, fully concurrent. Indeed, when the state sentence resulted from another offense that is relevant conduct to the federal offense of conviction and was the basis for an increase in the offense level for the instant federal offense under chapters two or three of the sentencing guidelines, U.S.S.G. § 5G1.3(b) and (c) provide that:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

5

> (c) (Policy Statement) In any other case involving an undishcarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

The above-referenced section is designed to prevent impermissible over sentencing from a single charge. However, as indicated above, § 5G1.3(b) applies <u>only</u> when the undischarged sentence "resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)." U.S.S.G. § 5G1.3(b); *see also* U.S.S.G. § 5G1.3 cmt. n. 2(B) (explaining that § 5G1.3(b) applies only when the prior offense increases the offense level under chapters two or three *and* constitutes relevant conduct). In the instant case, the Petitioner's undischarged state sentence in the present case is not based on relevant conduct forming the basis for an increase in the offense level under chapters two and three. Petitioner cites no case holding that an adjustment may be granted in his circumstances, nor has the Court located such authority.

Further, Petitioner appears to misinterpret the meaning of the word "concurrent." (Doc. 83). He states, that 5G1.3(b) "requires concurrent sentencing where the State conviction was for the same offense and crimes." However, the instant case does not involve the same offense and crimes. Petitioner further states that the "Magistrate failed to thoroughly establish proof to [his] state and federal crimes were not based on the same fact." <u>Id</u>. The Magistrate Judge Faircloth had no such burden in this case.

As Judge Faircloth points out in his May 21, 2007 Report and Recommendation (Doc. 73), Petitioner argues that the word "may" in the guideline (U.S.S.G §5G1.2(c)) provides the District Court discretion in the type of sentence it will impose and the Court may adjust or

modify the federal sentence in consideration of the State sentence for a related offense. Despite Petitioner's assertions, he neglects to reference 18 U.S.C. § 3585(b) which restrains the District Court by imposing that the term of imprisonment "**could not have been credited against another state sentence."** (emphasis added). The sole issue before the Court is whether the District Court erred when sentencing Petitioner. In accordance with Magistrate Judge Faircloth's Reports and Recommendations, this Court also finds no evidence of error in its determination of Petitioner's sentence.

## CONCLUSION

Nothing raised in any of Petitioner's Objections (Doc. 74 and 83) has shown that Petitioner's 120-month sentence was incorrectly calculated or that, the District Court's application of the relevant guideline sentence range was erroneous. Therefore, the Court finds that Plaintiff's Objections (Doc. 74 and 83) fail to rebut the legally sound recommendations of Judge Faircloth. The objections set forth in Petitioner's Objections (Doc. 74 and 83) are **OVERRULED** and United States Magistrate Judge Faircloth's Reports and Recommendations (Docs. 73 and 80) are **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 61, 71, and 75) are **DENIED**.

**SO ORDERED**, this  22nd  day of September, 2010.

/s/ W. Louis Sands_____
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**