IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RICHARD EDWARD TRICE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| | : | |
| VS. | : | |
| | : | 1 : 92-CR-08 (WLS) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| Respondent. | : | |

## ORDER and RECOMMENDATION

On June 9, 1992, the Petitioner was convicted in this Court following a jury trial on charges of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) in connection with § 924(a)(2).  (Docs. 73, 81, 29).   Petitioner was sentenced to 120 months imprisonment, followed by three years of supervised release.  (Docs 81, 33).   Petitioner's conviction and sentence were upheld on direct appeal on January 22, 1994.   (Docs. 81, 39). Petitioner filed his first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 on June 14, 1994, challenging his 1992 conviction.   (Docs. 81, 41).   This Petition was denied by Order of the Court dated June 20, 1994.   (Docs. 81, 42).

Since the denial of his first § 2255 Motion, the Petitioner has filed several additional § 2255 motions to vacate and § 3582 motions to modify his sentence, all of which have been denied. (Docs. 49, 51, 52, 57, 66, 71, 73, and Civil Action Nos. 1 : 06-CV-27 (WLS) and 1 : 07-CV-76 (WLS)).   Presently pending herein are the Petitioner's Motions for New Trial (Docs. 90, 91), Motion for Relief from Judgment (Doc. 94), and Second or Successive Application (Doc. 95). Petitioner filed a Voluntary Dismissal of Outstanding Motions on the Grounds of Equity on May 2,

2012.  (Doc. 100).   Petitioner also filed a Writ of Habeas Corpus pursuant to § 2241 in the United States District Court for the District of South Carolina, which was transferred to this district and dismissed as successive.   *See* Civil Action No. 1 : 12-CV-79 (WLS).   Petitioner relies on this § 2241 motion in seeking the dismissal of the pending motions and claims herein.   (Doc. 100).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996.   Pursuant to the AEDPA, the movant in a § 2255 proceeding must file an application with the appropriate Court of Appeals for an order authorizing the District Court to consider a second or successive § 2255 motion.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255."  Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.   Without authorization from the Court of Appeals, the District Court lacks jurisdiction to consider a second or successive petition.   *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

The Petitioner's pending motions herein challenge the substance of Petitioner's 1992

conviction and sentence and are in fact additional § 2255 motions.  *See Cuesta v. U.S.*, 429 Fed.Appx. 880, 882 (11th Cir. 2011) (court correctly construed motion to reopen sentencing as § 2255 motion, as petitioner sought to collaterally attack the validity of his convictions); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("[t]ypically, collateral attacks on the validity of a federal sentence must be brought under § 2255"); *Farris*, 333 F.3d at 1216 (court correctly construed motion for relief from judgment as motion seeking § 2255 relief, as Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions, and petitioner had moved to vacate his sentences after having filed a § 2255 motion).  A § 2255 petition will be regarded as a successive "second" petition to the extent that it challenges a defendant's original conviction and sentence.  *In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000).  Inasmuch as Petitioner's pending motions challenging his 1992 conviction were filed subsequent to at least three prior § 2255 challenges to his underlying conviction and do not challenge any new Judgment regarding Petitioner's conviction or sentence, they are considered successive § 2255 motions.  *See United States v. George*, 188 Fed.Appx. 926 (11th Cir. 2006).  As the Petitioner has failed to obtain proper authorization for filing a successive petition, this Court is without authority to entertain these successive challenges to Petitioner's conviction and sentence.

Accordingly, it is the recommendation of the undersigned that the Petitioner's Motions for New Trial, Motion for Relief from Judgment, and Second or Successive Petition (docketed as "Motion for Appointment of Counsel") be **DENIED**.  *United States v. Terrell*, 141 Fed.Appx. 849, 852 (11th Cir. 2005) (when a person files a second or successive motion to vacate without first obtaining appropriate authorization from the Court of Appeals, the proper remedy is to dismiss the claims raised in the motion).  In light of this recommendation and the dismissal of Petitioner's §

2241 Petition in 1 : 12-CV-79 (WLS), it is further recommended that Plaintiff's Voluntary Dismissal of Outstanding Motions be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these Recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.   To the extent that the Petitioner seeks the appointment of counsel in his Second or Successive Petition (Doc. 95), this request is **DENIED**.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO ORDERED and RECOMMENDED**, this 13th day of September, 2012.

s/   ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

asb