**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

RICHARD EDWARD TRICE, :
:
    Petitioner, :
:
v. : CASE NO.: 1:92-CR-08 (WLS)
:
UNITED STATES OF AMERICA, :
:
    Respondent. :
:

## **ORDER**

Presently pending before the Court is Petitioner's Federal Rule of Civil Procedure 60(b) Motion for Relief from Judgment. (Doc. 112.) Therein, Petitioner reiterates his belief that sentence and conviction should be vacated pursuant to *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). This Motion is denied for the reasons cited in the numerous orders addressing this issue previously, *to wit*: 1) the Eleventh Circuit's denial of his application for leave to file a second or successive motion (Doc. 98); 2) this Court's subsequent order denying Petitioner's *pro se* motions (Docs. 90, 91, 94, and 95), of which a prior Rule 60(b) Motion for Relief from Judgment was included (Doc. 94), as unauthorized successive 28 U.S.C. § 2255 motions (Doc. 104)[1]; 3) this Court's Order dismissing Petitioner's 28 U.S.C. § 2241 petition in the separate but related case, *Richard E. Trice Bey v. Warden*, No. 1:12-cv-79 (M.D. Ga. July 10, 2012); and 4) the

---

[1] The Eleventh Circuit recently denied Petitioner a certificate of appealability as to this Court's denial of his motions as unauthorized successive § 2255 motions. (Doc. 111.)

1

Eleventh Circuit's opinion affirming the District Court's denial of Petitioner's § 2241 petition (*id.* at Doc. 45).

Petitioner has been told time and time again that his reliance on *Carachuri-Rosendo* to attack his conviction and/or sentence is misplaced because *Carachuri-Rosendo* does not apply retroactively to cases on collateral review. At this point, Petitioner's determination to file duplicative pleadings premised on *Carachuri-Rosendo* is starting to border on unreasonable. The Court is at a loss as to how to make it more clear to Petitioner that *Carachuri-Rosendo* is an unavailing vehicle for attacking his sentence and/or conviction. Though the Court does not see the need to enter any restrictions on Petitioner's right of access to the Court at this time, the Court thinks it appropriate to inform Petitioner that the right of access to the courts "is neither unconditional nor absolute." *Smith v. United States*, 386 F. App'x 853, 857 (11th Cir. 2010) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1077-78 (11th Cir. 1986) (en banc)).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III judicial functions." *Procup*, 792 F.2d at 1073–74. For that reason, "[a] litigant 'can be severely restricted as to what he may file and how he must behave in his applications for judicial relief.'" *United States v. Powerstein*, 185 F. App'x 811, 813 (11th Cir. 2006) (quoting *Procup*, 792 F.2d at 1074). Accordingly, should Petitioner persist in filing habeas-style motions to attack his sentence and/or conviction based on *Carachuri-Rosendo*, the Court may be forced to impose reasonable restrictions to limit Petitioner's ability to file pleadings without prior approval, or some other restriction that curtails how Petitioner may pursue judicial relief. *Procup*, 792 F.2d at 1074 ("The court has a

responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others."); *see also Traylor v. City of Atlanta*, 805 F.2d 1420, 1422 (11th Cir. 1986) (affirming district court's decision to impose restrictions on party's ability to "relitigate specific claims arising from the same set of factual circumstances that have been litigated and adjudicated in the past"). While the Court is sensitive to the need to provide Petitioner with a forum to vindicate his constitutional rights, the Court is not required to sit idly by while Petitioner attempts to litigate *ad infinitum* the question of whether *Carachuri-Rosendo* applies to his case. It does not.

  **SO ORDERED**, this  16th  day of April, 2013.

            /**s**/ W. Louis Sands
            **THE HONORABLE W. LOUIS SANDS,**
            **UNITED STATES DISTRICT COURT**